JUAN CÓRDOVA, Appellant, v. ACTING REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1060. Submitted November 22, 1939.—Decided December 8, 1939.

*Carlos D. Vázquez* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

By public deed executed on September 12, 1939, Isabel Lebrón emancipated her acknowledged natural daughter Inés Ortiz, born on April 25, 1920. The father had previously died.

Some days afterwards, that is, on September 26, 1939, the emancipated daughter, with the express consent of her mother, sold by public deed a rural property to Juan Córdova.

The deed of sale was presented in the Registry of Property of San Juan and the registrar recorded it but "subject to the curable defect that the emancipation of the vendor,.

Inés Ortiz did not appear to have been noted in the Civil Registry.''

Not being satisfied, Juan Córdova, the purchaser, took an administrative appeal to this Supreme Court alleging that ''the registrar of property committed manifest error . . . inasmuch as such emancipation was not defective on such account, it being necessary to note the same in the Civil Registry only in order that it may have effect against third parties in due course.''

The appellant quotes from Scaevola and Sánchez Román, to wit:

''It suffices that the will of the emancipator and the consent of the one to be emancipated appear in a patent manner, with the guarantees bestowed on them by the judicial intervention or the notarial oath in order that the emancipation acquire a legal value.'' Scaevola, *Comentarios al Código Civil,* Vol. 5, page 582.

''That the deed or the appearance in the emancipation proceedings be noted in the Civil Registry. Its object is to *make apparent* the fact of the emancipation in a *public* manner, for the knowledge of third parties, inasmuch as it deprives the father of the *representation* of the minor and confers upon the latter a *relative capacity of legal age,* which, while not recorded, cannot have effect against third parties in due course.'' Sánchez Román, *Comentarios al Código Civil,* Book 5, Vol. 2, page 1199.

And he alleges that the emancipation being valid without the requisite of noting the same in the Civil Registry, the registrar should not have stated that the want of said record constituted a curable defect and that his decision should be in consequence reversed as to this matter.

█ █ Neither appellant nor the registrar cite any jurisprudence deciding the issue in question. The decision of this Court in the case of *Narváez* v. *Canino, Civ. Reg. of Aibonito,* 28 P.R.R. 873, to which appellant refers, although bearing some relation to the case at bar, does not decide it directly or indirectly. Here the registrar recorded the sale. He limited himself to declaring the existence of a curable defect.

Let us see what the law expressly provides. Section 233 of the Civil Code (1930 ed.) states:

"Section 233.—A minor may be emancipated by his father for the purposes of governing himself and administering his property, or only for the latter purpose, and in default of his father, by his mother, when the said minor shall have completed the age of eighteen years.

"This emancipation takes place by a declaration of the father or mother, before a notary public and in the presence of two witnesses, and with the consent of the minor.

"It shall be recorded in the civil registry, and, until then, shall not produce any effect against third persons."

It is provided then, in a decisive manner that the emancipation must be noted in the civil registry in order that it may have effect against third parties in due course.

As a judicial act, the emancipation is valid even if it is not noted (*Travieso* v. *McCormick,* 54 P.R.R. 312), but it shall not have effect against third parties in due course until the record is effected. Our system of registries being as it essentially is, one created in order that the acts and contracts recorded therein acquire that certainty and publicity which so effectively contribute to its stability and which permits in justice that third parties in due course be prejudiced thereby, it seems logical that upon effecting the record in a case such as the instant, the same contain all the requisites necessary for reaching such end.

One of those requisites, created by the legislator precisely in order that the emancipation should have effect against third parties in due course is that of noting it in the civil registry, and if recourse is had to the registry of property requesting the record of a contract executed by virtue of the emancipation, it seems natural that it be stated therein that the emancipation was previously noted in the civil registry in order that the effect of the contract recorded against third parties in due course be as broad as it should be and in harmony with the purpose of the system.

And if the previous noting of the emancipation does not appear, the registrar fulfills his duty in calling the attention of future contracting parties to that fact. ·

The ruling appealed from should be affirmed.